UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARVIN JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 14-0242 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Mayor Vincent Gray's Motion to Dismiss [ECF No. 20]. For the reasons discussed below, the motion will be granted.

### I. BACKGROUND

According to plaintiff, two Metropolitan Police Department officers were dispatched on July 21, 2011, to the 1200 block of Missouri Avenue, N.W. in response to a call from an unknown individual "stating that there was a [black male] with a baseball cap standing at the corner of 1200 Block of Missouri, Ave., N.W." First Am. Compl. [ECF No. 15] at 2 (page numbers designated by plaintiff). The officers allegedly "showed up in an unmarked scout car" and encountered plaintiff at that location." *Id.* Plaintiff alleged that "the officers did not identify themselves and automatically drew their service weapon[s]." *Id.* Plaintiff ran away in a "panic." *Id.* Without first making an "attempt to yell to stop [plaintiff], or fire a warning shot, [or] use a taser, or any other means to communicate and/or attempt to stop him," *id.*, the officers "fired their weapons . . . , one bullet striking [plaintiff] in the back, and the second bullet hitting him in his right arm." *Id.* Although plaintiff was taken to the Washington Hospital Center, he

1

allegedly did not receive proper treatment for his gunshot wounds, as bullet fragments remain in his body "causing him physical pain, [limiting] use of his right arm, and caus[ing] mental stress and anguish." *Id.*

Ground Five of plaintiff's First Amended Complaint reads:

> MAYOR VINCENT GRAY, WHO IS RESPONSIBLE FOR THE OPERATION AND IMPLEMENTATION OF LAWS, STATUTES, AND POLICIES GOVERNING THE OPERATION OF PROCEDURES OF THE DEFENDANTS NAMED IN GROUND ONE THROUGH GROUND FOUR, WHO ACTED IN CONCERT AND CONSPIRED BY NOT INVESTIGATING MISCONDUCT AND MULTIPLE SHOOTINGS BY OFFICERS, AND/OR LACK OF MEDICAL CARE & TREATMENT. MAYOR GRAY ACTED UNDER COLOR OF STATE & FEDERAL LAWS, STATUTES, AND POLICIES UNDER HIS INDIVIDUAL & OFFICIAL CAPACITY, IN VIOLATION OF TITLE 28 U.S.C. §1983, §1985(3), §1986 (by way of discrimination); BIVENS TITLE 28 U.S.C. §1441, §1443, §2412(d)(2)(c), §2672 ch. 171 (FTCA-TORT).

First Am. Compl. at 4-5 (emphasis in original).[1]  For alleged violations of rights protected under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, *id.* at 1, plaintiff demands nominal, compensatory, and punitive damages, *id.* at 7-8.

## II. DISCUSSION

### *A. Dismissal Under Rule 12(b)(6)*

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93

---

[1] "John/Jane Does, Captain; Officer Matos & Officer Nowoschik, all from Metro D.C. Police Dept.; John/Jane Doe's Doctors & nurses & medical staffs, all from the Washington Hospital Center" have been dismissed as parties to this action, and the claims against them (Grounds One through Four) will be dismissed. Vincent Gray, former Mayor of the District of Columbia, is the sole defendant. For administrative convenience, the case caption remains unchanged, and the Court proceeds as if the current Mayor of the District of Columbia had been substituted. *See* Fed. R. Civ. P. 25(d).

(2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim." *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A] complaint [alleging] facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79), by defendant.

*B. Plaintiff's Bivens and FTCA Claims Are Dismissed*

Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), an plaintiff may pursue a lawsuit for damages against federal officials in their personal capacities for constitutional violations, and a claim under the Federal Tort Claims Act ("FTCA") waives the federal government's sovereign immunity such that the United States can be held liable for certain torts, *see* 28 U.S.C. §§ 2674, 2680. The Mayor of the District of Columbia, is the sole remaining defendant. Without a federal official or employee as a defendant in this case, neither *Bivens* nor the FTCA applies. *See, e.g., Hinton v. Rudasill*, 384 F. App'x 2 (D.C. Cir. 2010) (per curiam) (finding that, where "appellee did not act as a federal official . . . appellant cannot bring a damages claim for a constitutional violation against appellee under . . . *Bivens*"); *Cannon v. United States*, 645 F.2d 1128, 1137 (D.C. Cir. 1981) ("This court has uniformly held that the FTCA does not, as a general rule, render the United States liable for the torts of employees or agencies of the District of Columbia because the District of Columbia is an independent political entity") (citing cases).

*C. Plaintiff's Eighth and Fourteenth Amendment Claims Are Dismissed*

The events described in plaintiff's First Amended Complaint pertain to his arrest and medical treatment immediately after his arrest. Because his claims do not arise from the alleged denial of adequate medical care while in custody after a criminal conviction, the Eighth Amendment is not implicated. *See Brogsdale v. Barry*, 926 F.2d 1184, 1187 (D.C. Cir. 1991) (noting that, where two classes of detainees raise a constitutional claim pertaining to prison overcrowding, "the *pretrial detainees* must rely upon the Fifth Amendment's guarantee of due process, whereas the *convicted plaintiffs* must ground their claims upon the Eighth Amendment's ban on cruel and unusual punishment") (emphasis in original). Nor is the Fourteenth

Amendment implicated, as it does not apply to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Roum v. Fenty*, 697 F. Supp. 2d 39, 45 (D.D.C. 2010).

### D. Plaintiff's Fourth and Fifth Amendment Claims Are Dismissed

The Court construes the remaining constitutional claims as arising under the Fourth Amendment through the alleged use of excessive force in effecting plaintiff's arrest and under the Fifth Amendment for defendant's alleged deliberate indifference to plaintiff's serious medical needs. For purposes of this Memorandum Opinion, the Court presumes without deciding that plaintiff adequately alleges Fourth and Fifth Amendment claims which may be brought under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory *or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). The District of Columbia is considered a "person" for purposes of § 1983. *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (defining "person" to include municipalities and local government entities). "[I]n considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003); *see Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). The court "[f]irst . . . must determine whether the complaint states a claim for a predicate constitutional violation." *Baker*, 326 F.3d at 1306. If so, then "the court must determine whether the complaint states a claim that a custom or

policy of the municipality caused the violation." *Id.* Plaintiff's claims fail because the First Amended Complaint does not allege adequately the District of Columbia's liability.[2]

"[M]unicipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom . . . . *Respondeat superior* liability does not apply." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing *Monell*, 436 U.S. at 694). To state a § 1983 claim against the District, then, a plaintiff "must allege not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation." *Id.* (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123-24 (1992)). "The plaintiff bears the burden of pleading the existence of a municipal custom or practice that abridge[d] [his] federal constitutional or statutory rights." *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 57 (D.D.C. 2011). He may satisfy this burden if he alleges that the District or a policymaker "explicitly adopted the policy that was 'the moving force of the constitutional violation,'" *Warren*, 353 F.3d at 39 (quoting *Monell*, 436 U.S. at 694), or that "a policymaker 'knowingly ignore[d] a practice that was consistent enough to constitute custom,'" *Jones v. Horne*, 634 F.3d 588, 601 (D.C. Cir. 2011) (quoting *Warren*, 353 F.3d at 39), or that the District "failed to respond to a need . . . in such a manner as to show 'deliberate indifference' to

---

[2] Plaintiff's claim against Mayor Gray in his official capacity is "equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). "Official-capacity suits . . . [g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Consequently, as courts in this district ordinarily do, plaintiff's claims against Mayor Gray in his official capacity will be dismissed as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005). Moreover, because the complaint lacks any factual allegations as to Mayor Gray's personal involvement in the shooting or subsequent medical treatment, the claims against the Mayor in his individual capacity will be dismissed. *See Jones v. Horne*, 634 F.3d 588, 602 (D.C. Cir. 2011) (dismissing prisoner's § 1983 claims against acting warden in his individual capacity where complaint did not allege conduct causing constitutional violations); *Jeffries v. District of Columbia*, 917 F. Supp. 2d 10, 25-26 (D.D.C. 2013) (dismissing § 1983 claim against Chief of the Metropolitan Police Department where pleading did not allege her personal involvement in wrongdoing). The Mayor simply cannot be held liable for alleged constitutional violations committed by the police officers who allegedly shot plaintiff. *See, e.g., Reed v. District of Columbia*, 474 F. Supp. 2d 163, 168 (D.D.C. 2007) (finding that District and its police chief were not liable for police officer's alleged use of excessive force).

the risk that not addressing the need will result in constitutional violations," *id.* (quoting *Baker*, 326 F.3d at 1306).

Nowhere in his First Amended Complaint does plaintiff identify a municipal policy, custom or practice, the application of which directly caused the alleged constitutional violations. Nor does plaintiff allege facts to support a claim that the police officers violated his constitutional rights by taking actions pursuant to a municipal policy, custom or practice. On the facts alleged, the Court concludes that the complaint fails to state a claim for municipal liability under § 1983. *See, e.g., Jones*, 634 F.3d at 601; *Brown v. Wilhelm*, 819 F. Supp. 2d 41, 44 (D.D.C. 2011).

## III. CONCLUSION

Because plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted, the Court will grant defendant's motion to dismiss. An Order is issued separately.

DATE: 7/8/15

ROYCE C. LAMBERTH
United States District Judge